# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ines Lugo,

           Plaintiff,

v.

Eric Holder,

           Defendant.

No. CV-13-02108-TUC-JAS

**ORDER**

Pending before the Court is Plaintiff's motion to compel. *See* Doc. 62. The Government filed an opposition on 4/9/15. *See* Doc. 65. The deadline to file a reply expired on 4/20/15. *See* LRCiv 7.2(d). As of the date of this Order, Plaintiff has not filed a reply. As any reply would now be untimely and would not be considered by the Court, the motion is ready for a ruling. As discussed below, the motion is denied.

**Discussion**

The record reflects that this is an action seeking review of a decision by the United States Citizenship and Immigration Services ("Agency") denying Plaintiff's Application for Naturalization ("Application"). As pertinent to this discovery dispute, on 2/21/14, the Agency issued a detailed decision explaining why Plaintiff's Application was denied ("Decision"). The Agency's Decision explained that relevant statutory and regulatory authority require that an applicant have "good moral character," and that she did not meet this requirement as she lied to the Agency about her involvement in criminal activities when asked during an interview and hearing pertaining to her Application. While Plaintiff challenged that assessment arguing that she suffered memory lapses as to that criminal history due to her depression and medication, the Agency did not find her explanation persuasive. In the Decision, the Agency explained that Plaintiff failed to disclose at the outset of the Application process that she had depression or associated medications that impacted her memory, and only after the Agency confronted her with

the pertinent criminal history, did Plaintiff raise the depression and memory lapse issues. In addition, the Agency noted that the medical records pertaining to her depression and medication submitted to the Agency did not substantiate her broad claims of memory issues.

Subsequent to the Agency's Decision, Plaintiff filed this action seeking review of the Decision. In the course of discovery, Plaintiff noticed the deposition of the Agency officer who wrote the Decision at issue (i.e., Anthony Jackson). In relation to the deposition, Plaintiff requested "any and all documents that were considered in arriving at [the Decision]." In addition, during the course of the deposition, Plaintiff asked questions seeking to gain insight into the analysis that occurred to support the Decision. Defendant objected to Plaintiff's document requests and questions as such information was protected by the deliberative process privilege ("DPP") and the mental process privilege ("MPP"). The Court agrees.

The purpose of the DPP "is to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny. Congress expressed concern that if agencies were forced to operate in a fishbowl . . . candid exchange of ideas within an agency would cease and the quality of decisions would suffer." *Assembly of the State of California v. United States Department of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992).[1] To be protected by the DPP, the document at issue must be both "predecisional" and "deliberative." *See id.*[2] "A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision . . . and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency . . . A predecisional document is a part of the deliberative process, if the disclosure of [the] materials would expose an

---

[1] Unless otherwise noted by the Court, internal quotes and citations have been omitted when quoting or citing cases throughout this Order.

[2] The burden is on the agency to show that the documents at issue are exempt from disclosure. *See Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114 (9th Cir. 1988).

- 2 -

agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.*[3]

"The underlying purpose of the deliberative process privilege is to ensure that agencies are not forced to operate in a fishbowl. To that end, courts focus on the effect of the materials' release: the key question in [DPP] cases [is] whether the disclosure of materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions. [The] focus [is] on whether the document in question is a part of the deliberative process . . . Predecisional materials are privileged to the extent that they reveal the mental processes of decision-makers." *Id.* at 921. "The earliest cases to examine the deliberative process privilege contrasted factual and deliberative materials. The idea behind this distinction was that agencies had no legitimate interest in keeping the public ignorant of the facts the agencies worked from, while they did have a legitimate interest in shielding their preliminary opinions and explorations." *Id.* However, "the Supreme Court warned against a wooden Application of this distinction that would make the amount of material deemed factual within a document the deciding factor . . . The key to the inquiry is whether revealing the information exposes the deliberative process." *Id.*; *see also North Pacifica, LLC v. City of Pacifica*, 274 F.Supp.2d 1118, 1122 (N.D. Cal. 2003) ("Related to the deliberative process privilege—indeed, perhaps inherently part of it—is what has sometimes been called the mental process privilege . . . [T]he immunity of intra-governmental opinions and deliberations . . . rests upon another policy of equal vitality and scope— i.e., the protection of the mental processes of executive or administrative officials . . . This related privilege, which involves uncommunicated motivations for a policy or decision, has been applied in both the adjudicative and legislative context.").

The record reflects that although a superior (Al Gallmann-Field Office Director) at

---

[3] *See also Nat'l Wildlife Fed'n*, 861 F.2d 1114; *Maricopa Audobon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089 (9th Cir. 1997).

the Agency ultimately signed off on the Decision, Jackson was primarily responsible for writing the decision. Prior to a Decision being finalized, there are discussions, changes, and working drafts that are exchanged leading up to a final Decision such as the one Plaintiff received. During the course of Jackson's deposition, Plaintiff asked questions that either explicitly or implicitly sought information delving into the thoughts, analysis, and actions of the pertinent Agency officers leading to the finalized Decision. *See* Doc. 65 (Defendant's Response at p. 2, line 13 to p. 3, line 21; summarizing the objectionable questions and issues raised during Jackson's deposition). In light of the foregoing, the Court finds that both the DPP and MPP apply to prevent disclosure of the documents and testimony sought by Plaintiff. As referenced above, Plaintiff did not file a reply disputing any of the arguments made by Defendant, and has otherwise made no showing that these privileges do not apply, or that she is entitled to the information in spite of the applicability of these privileges.

Accordingly, IT IS ORDERED that Plaintiff's motion to compel (Doc. 62) is denied. In the alternative, Plaintiff's motion to compel is also denied for failure to comply with the Court's Orders. Plaintiff failed to submit both an authority binder and a binder of documents relating to his motion and supporting documents in violation of the Court's previous Orders.[4] *See* Docs. 18, 61.

Dated this 30th day of April, 2015.

Honorable James A. Soto
United States District Judge

---

[4] Likewise, Defendant failed to comply with these Orders in relation to its response.

- 4 -